UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20199-CV-MARTINEZ
(17-20933-CR-MARTINEZ)
MAGISTRATE JUDGE REID

ANTHONY MILLER,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

_____ /

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This Cause is before the Court upon a Motion to Vacate pursuant to 28 U.S.C. § 2255 attacking Movant's sentence following a guilty plea in Case No. 17-20933-CR-MARTINEZ. [ECF No. 1].[1] This matter has been referred to the Undersigned for consideration and report on dispositive matters pursuant to S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. For the following reasons, the Motion should be **DENIED**. [ECF No. 1].

### II. Claims

Liberally construing Movant's claims pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Movant claims Counsel was ineffective for not requiring him to have a mental health evaluation before sentencing. [ECF No. 1].

---

[1] This Report uses the citation "[ECF No.]" to reference docket entry numbers in the instant case. Citations to "[CR ECF No.]" refer to docket entry numbers in the underlying criminal case. Lastly, citations to the Presentence Investigation Report are referred to as "[PSI]" within this Report.

1

### III. Pertinent Factual and Procedural Background

Movant was charged with attempt to commit Hobbs Act Robbery (Count 1) and two counts of substantive Hobbs Act Robbery (Counts 2 and 3). [CR ECF No. 1]. He pled guilty to Counts 2 and 3. [CR ECF No. 30]. The Government dismissed the remaining count. [CR ECF No. 35]. The Court ultimately imposed a sentence of 84 months' imprisonment. [*Id.*]. The details of what transpired at Movant's sentencing, and any other facts pertinent in this proceeding are contained later in this Report.

### IV. Threshold Issues - Timeliness

Stated broadly, federal prisoners have a 1-year period to file a Section 2255 motion. *See* 28 U.S.C. § 2255(f). Here, the Government concedes the timeliness of the instant Motion [ECF No. 7 at 3] and, indeed, the Motion is timely.

### V. Standard of Review

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution...may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a).

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (citations and internal quotations omitted). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### VI. Discussion

A. Generally Applicable Substantive Law: Ineffective Assistance

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See id.* at 687. An ineffective assistance of counsel claim may be raised with respect to errors made by trial counsel or direct appeal counsel, and both are governed by *Strickland*. *See, e.g.*, *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016).

The deficiency prong is met if no competent counsel would have taken the action that trial counsel took during the proceedings. See *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *see also Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir.

3

2000). Regarding the prejudice prong, it is met if, but for counsel's deficient performance, the outcome of the proceeding would have been favorable. *Strickland*, 466 U.S. at 694. And yet, the error must also be "so serious" that the error "deprive[d] the defendant of a fair trial, a trial whose result is reliable[,]" in order to satisfy the prejudice prong. *Id.* at 687.

B. <u>Movant's Counsel was not Ineffective</u>

Movant contends Counsel was ineffective for failing to seek a psychological and mental health evaluation before sentencing. [ECF No. 1]. Movant, thus, appears to argue that he received a more onerous sentence because Counsel chose not to obtain this evaluation as part of his sentencing strategy.[2]

In support of his claim, Movant attached an email exchange he had with Counsel. On February 23, 2018, in a letter to Counsel he stated that he was a "drug addict" and that "a psych doctor for an eval." should be conducted to show he "wasn't in [his] right state of mind." [ECF No. 1-1 at 2] [sic]. Counsel advised Movant to decide whether to plead guilty or go to trial and further advised that "we can still use your drug addiction and problems to ask the judge for a reduced sentence." [*Id.*].

About two months later, after Movant entered his guilty plea, Movant wrote, "[Y]ou said it wouldnt mean to much if i got an evaluation for psyc… because i wasnt in my right state of mind

---

[2] The Undersigned observes that the Government construed Movant's Motion to possibly contain a claim that Counsel was ineffective for not raising a voluntary intoxication defense. [ECF No. 7 at 5-6]. Movant, of course, is subject to a heightened pleading standard in this proceeding. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate "fact pleading" as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). And, Movant's failure to allege that he would have insisted on going to trial, but for Counsel's alleged deficiency, would render such a claim facially insufficient to show *Strickland* prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (explaining prejudice would require a showing that a party would have insisted on going to trial); *see also Rosin v. United States*, 786 F.3d 873, 878 (11th Cir. 2015). Further, even if Movant had alleged that he would have insisted on going to trial with a voluntary intoxication defense, such a claim would also not be entitled to relief. As the Government explained [ECF No. 7 at 6], Movant's Hobbs Act Robbery conviction is general intent crime. *See United States v. Gray*, 260 F.3d 1267, 1283 (11th Cir. 2001). "[V]oluntary intoxication [defenses] cannot negate a general intent crime." *See United States v. Carlisle*, 173 F. App'x 796, 800 (11th Cir. 2006). As such, Counsel could not be ineffective for declining to raise futile arguments. *See Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (explaining counsel is not required to raise meritless arguments).

4

during the robberies … i belive i could be diagnosed with a substance abuse disorder. It might be able to help me in my sentencing for the judge to understand what was wrong with me and why these crimes happened…let me know how you feal about that[.]" [ECF No. 1-1 at 3] [sic].

*i. The Record*

Rather than have a mental health evaluation conducted, the record shows Counsel chose a holistic approach. He maintained Movant's substance abuse issues, triggered by his childhood, led Movant to a life of crime to finance his drug addiction.

In a Sentencing Memorandum, Counsel described Movant's family history explaining that Movant's father abandoned their family to live with a separate nuclear family that Movant's father had formed previously. [CR ECF No. 23 at 2]. Movant knew nothing of the other family until his father left. [*Id.*]. He did "not hear from or see his father again for several years." [*Id.*]. Because of this "devastating" event, as Counsel explained, Movant's extensive criminal history began. [*Id.*]. At about that time, Movant experimented with "marijuana and cocaine by the age of fifteen (15)." [*Id.*]. Soon after, Movant experimented with "oxycodone and ultimately heroin by the age of sixteen (16)." [*Id.* at 2-3]. Linking the temporal proximity of these events, Counsel argued that "[t]he abandonment by [Movant's] father and subsequent drug addiction led [Movant] to a life of crime and prison." [*Id.* at 3].

At sentencing, Counsel again relied on this picture of Movant's life to argue Movant's extensive criminal history should not be given substantial weight and that a sentence at the bottom of the Guidelines should be imposed. [CR ECF No. 29 at 8-10]. The Court indicated its agreement with this portrayal of Movant's life. [*Id.* at 9]. Before the Court imposed its sentence, Movant stated that his arrest "rescued" him from his substance abuse problems. [*Id.* at 10-11]. In response, the Court noted that Movant's arrest likely served as an "intervention." [*Id.* at 11].

Movant's presentencing report ("PSI") found a total offense level of 23 [PSI ¶¶ 12-35], and a criminal history category of V [PSI ¶ 47], meaning Movant's sentencing guidelines range was 84-105 months' imprisonment. [PSI ¶ 84]. Movant, as previously mentioned, had a significant number of encounters with the criminal justice system throughout his life. [PSI ¶¶ 36-55]. Based on that background, the Government argued a sentence of 105 months' imprisonment—the top of the Guidelines—was appropriate. [CR ECF No. 29 at 5-6]. The Court ultimately imposed a sentence of 84 months' imprisonment. [ECF No. 35].

## ii. The Performance Prong

Movant cannot show Counsel performed deficiently. Even if an attorney opts against "substantial investigation into each of several plausible lines of defense," counsel can still provide constitutionally adequate assistance provided that the challenged line of defense was excluded because of a strategic decision. *Strickland*, 466 U.S. at 681. "Limitations of time and money, however, may force early strategic choices, often based solely on conversations with the defendant and a review of the prosecution's evidence." *Id.* "[W]hen counsel's assumptions are reasonable given the totality of the circumstances and when counsel's strategy represents a reasonable choice based upon those assumptions, counsel need not investigate lines of defense that he has chosen not to [rely on]." *Id.* (internal quotation marks omitted).

To evaluate whether a strategic choice was reasonable, courts consider the following criteria: "the experience of the attorney, the inconsistency of unpursued and pursued lines of defense, and the potential for prejudice from taking an unpursued line of defense." *Id.*

As an initial matter, Movant's letter confirms that Counsel chose not to have a mental health evaluation conducted. [ECF No. 1-1 at 3] ("you said it wouldnt [sic] mean to [sic] much if

i [sic] got an evaluation for psych…"). A review of the record confirms that Counsel's sentencing strategy was focused and avoided the risk of prejudice at sentencing.

To illustrate, according to the PSI, Movant "denied having any current mental health issues" and "denied suffering from any abuse or trauma during his formative years." [PSI ¶¶ 59, 64]. Movant's failure to object to the PSI's characterization of his mental health renders those statements accepted as true. *See United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014). Somewhat similarly, Movant swore that he had never been treated for any mental illness during his plea colloquy. [CR ECF No. 30 at 3-4]. Movant's colloquy statements are also entitled to a presumption of truth. *See United States v. Nelson*, 442 F. App'x 496, 497 (11th Cir. 2011) ("[T]here is a strong presumption that statements made during a plea colloquy are true.").

Put contextually, had Counsel asserted that Movant had mental health issues, it would have conflicted with Movant's statements that he did not have mental health issues or trauma within the PSI. This, in turn, would have made Movant appear less credible at sentencing. *See generally United States v. Angelo-Guarino*, 284 F. App'x 739, 742 (11th Cir. 2008) (showing credibility determinations are permissible during sentencing). If Movant's self-reported account could have been viewed as less credible, the Court could have reasonably found Movant's actions were not motivated by addiction.[3] Raising the unpursued strategy, therefore, may have caused more harm than good, indicating Counsel formed a reasonable strategic decision.

Additionally, even if Counsel had explicitly asserted that Movant had mental health issues, Movant's extensive criminal history and mental health may have influenced the Court to impose a more onerous sentence "to protect the public" and to provide Movant "with mental health care"

---

[3] Movant also failed to explain why the PSI and colloquy statements are unreliable in this proceeding, indicating Movant's newly-minted allegations of suffering a mental illness are too conclusory. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014); *see also Borden*, 646 F.3d at 810.

that he could receive during a lengthier prison sentence. *See United States v. Johnson*, 536 F. App'x 938, 943-44 (11th Cir. 2013). As Movant's proposed sentencing strategy would have created additional risks of a more onerous sentence, this further demonstrates Counsel's sentencing strategy was a reasonable one.

More importantly, based on Movant's previous assertions that he had no mental illness, Counsel's decision or even failure to have a mental health evaluation conducted was reasonable. *See Strickland*, 466 U.S. at 691 ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."). Viewed together, Movant cannot meet his burden at showing counsel performed deficiently.

### *iii. The Prejudice Prong*

Movant, for the same reasons, cannot show prejudice. Counsel's depiction of Movant's life persuaded the Court not to weigh Movant's extensive criminal history too heavily. For Movant to show prejudice, he would have to prove a more favorable outcome is reasonably probable compared to Counsel's strategy, which was successful at yielding a bottom of the Guidelines sentence. As previously explained, arguing Movant had mental health issues could have opened the door to the Court considering whether a more onerous sentence was necessary to protect the public and to provide Movant with the necessary counseling he could receive in prison. It also would have conflicted with his statements that were recorded in the PSI, leaving his self-reported account of severe substance abuse less credible. A reasonable probability of a more favorable outcome, therefore, cannot be shown, especially because Counsel's approach successfully yielded a bottom of the Guidelines sentence. *See Strickland*, 466 U.S. at 694-95. Accordingly, this claim must be denied.

### VII. Evidentiary Hearing

Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).

However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Id.* (citing *Winthrop-Redin*, 767 F.3d at 1216); *cf. Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing in a § 2254 context).

Here, an evidentiary hearing is not warranted.

### VIII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his motion to vacate has no absolute entitlement to appeal and must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a COA only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a COA, prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001). Where a district court denies a claim solely on procedural grounds, the prisoner must show that reasonable jurists would find the district court's assessment of the constitutional claims and procedural ruling debatable or wrong to merit a certificate of appealability. *See id.* at 474, 484.

In this case, there is no basis to issue a certificate of appealability.

### IX. Conclusion

Based on the foregoing, it is recommended that the Motion to Vacate [ECF No. 1] be **DENIED**. In addition, an evidentiary hearing should be **DENIED**, and this Court should **NOT ISSUE** a certificate of appealability. Accordingly, this case should be **CLOSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

Signed this 26th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Anthony Miller
     M68445
     Mayo Correctional Institution Annex
     Inmate Mail/Parcels
     8784 US Highway 27 West
     Mayo, FL 32066
     PRO SE

     Quinshawna S. Landon
     United States Attorney's Office
     SDFla
     99 NE 4th Street
     200 South Biscayne Blvd.
     Miami, FL 33132
     305 961-9362
     Email: quinshawna.landon@usdoj.gov

     Noticing 2255 US Attorney
     Email: usafls-2255@usdoj.gov